**LOLITA HOLDING CO. v. ARONSON & CO. et al.** [*]

Circuit Court of Appeals, Ninth Circuit.

October 29, 1928.

No. 5554.

Will R. King, of Portland, Or., for appellant.

Williams & Parks and Benjamin S. Parks, both of Los Angeles, Cal. (Wm. G. Condron, of Los Angeles, Cal., of counsel), for appellees.

Before GILBERT, RUDKIN, and DIETRICH, Circuit Judges.

RUDKIN, Circuit Judge. This is an appeal by the plaintiff from a decree dismissing the complaint on motion of the defendants. Aronson & Co., a corporation, recovered judgment in the superior court of the county of Los Angeles, state of California, against Elizabeth Pearson in the sum of approximately $93,000. An appeal was taken from this judgment to the Supreme Court of the state, and, on August 28, 1926, the judgment of the superior court of Los Angeles county was affirmed. Some time thereafter the present suit was instituted in the court below by the successor in interest of Pearson to vacate and set aside the judgment of the Supreme Court of the state, and for other purposes not deemed material here.

The judgment of the state Supreme Court is attacked on the ground that four justices present at the argument did not concur in the judgment of affirmance as required by the state Constitution. The situation presented by the record is somewhat peculiar. On August 11, 1926, the Supreme Court made an order selecting Hon. William M. Finch, Presiding Justice of the District Court of Appeal of the Third Appellate District, to act pro tempore as associate justice of the Supreme Court on and after August 12, 1926, in the place and stead of Hon. John W. Shenk, associate justice of the Supreme Court, during the absence of Justice Shenk, and while he was unable to act as an associate justice of the court because of such ab-

sence. The opinion of the Supreme Court affirming the judgment in question was written by Finch, J., pro tem., and was concurred in by Shenk, J., and three other associate justices. It thus appears that both Justice Shenk and the justice selected to act in his place and stead during his absence participated in the judgment of affirmance. This would not seem to be permissible, but five justices in all concurred in the judgment, and, the record failing to disclose the names of the justices present at the argument or the names of the justices entitled to participate in the decision, we must presume, in the absence of a clear showing to the contrary, that the judgment was concurred in by the requisite number of justices. Aside from this, the attack of the appellant is directed against the judgment of the Supreme Court of the state, and, if we assume that the proceedings in that court were nullities for the reasons claimed, the judgment of the superior court is still in full force and effect, and the claims of the appellees are based on that judgment.

To be sure, the judgments of both the Supreme Court and the superior court are attacked on other grounds, but the rulings complained of constitute error at most, and such errors do not affect the validity of the judgments, or leave them open to collateral attack.

Complaint is also made that the court below refused the right to amend, but no amendment was tendered, and for that reason we are unable to say that there was any error in this respect. On the contrary, it would seem that the objection to the original complaint was fundamental, and incurable by amendment.

The decree of the court below is affirmed.